NOT DESIGNATED FOR PUBLICATION

Nos. 127,071
127,072

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ISMAEL GONZALEZ JR.,
*Appellant*.


MEMORANDUM OPINION


Appeal from Ford District Court; SIDNEY R. THOMAS, judge. Opinion filed January 10, 2025. Affirmed.


Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).


Before ATCHESON, P.J., CLINE and PICKERING, JJ.


PER CURIAM: Defendant Ismael Gonzalez Jr. appeals the Ford County District Court's revocation of his probation for felony driving under the influence convictions in two cases and its concomitant order that he serve the consecutive one-year sentences imposed in those cases. We have consolidated the cases and have granted Gonzalez' request for summary disposition of his appeal under Kansas Supreme Court Rule 7.041A (2024 Kan. S. Ct. R. at 48). As framed for us, Gonzalez contends the district court abused its discretion in declining to continue his probation because that decision was singularly extreme. Especially given Gonzalez' record as a repeat DUI offender, we find the district court did not exceed its broad authority in that way and affirm the decision.

1

The underlying factual circumstances resulting in the charges against Gonzalez are irrelevant to the issue on appeal. The cases were handled in tandem in the district court for plea, sentencing, and the eventually probation revocation. In December 2022, Gonzalez pleaded no contest to a single count of DUI, a severity level 6 nonperson nongrid felony, in each district court case. They were his third and fourth DUI convictions. The district court found Gonzalez' criminal history score to be a G, applied special rules governing felony DUI convictions, and imposed an underlying one-year sentence in each case to be served consecutively. The district court ordered Gonzalez to serve two 90-day terms of house arrest with an alcohol monitoring device, followed by 12 months of probation.

Several months later, Gonzalez admitted to violating the conditions of his house arrest. Gonzalez had been taken into custody on the violation. At a hearing, he stipulated to the violation, and the district court ordered that he remain in custody for 24 days, reflecting the balance of the home detention term, and then begin his probation.

After being on probation for about six months, Gonzalez acknowledged a probation violation for failing to comply with a required alcohol testing protocol; he waived his right to a court hearing and accepted a two-day jail sanction from his court services officer. Less than a month later, the State moved to revoke Gonzalez' probation. At his probation revocation hearing, Gonzalez stipulated to violating the terms of his probation by consuming alcohol on multiple occasions, by failing to complete his community service hours, and by declining to consent to a search of his home.

During the probation revocation hearing, the State argued that Gonzalez demonstrated an ongoing inability to refrain from abusing alcohol, as evidenced by his

multiple DUI convictions with the most recent pair "relatively back-to-back to each other" and his repeated violations of his conditional release on house arrest and then probation. Given Gonzalez' continued insobriety, the State submitted no reasonable treatment options were available and requested the district court order him to serve his underlying sentences.

Gonzalez requested another chance at probation, asking the court to extend or modify his probation conditions. He expressed a desire for treatment, emphasizing the need for both substance abuse and mental health services to combat his alcohol use and other personal issues; and he suggested the help he needed would be unavailable in jail.

The district court expressed an appreciation of the link between mental health issues and substance abuse. But the district court cautioned that a person must acknowledge their dependency and willingly seek help in a constructive way. In the district court's view, Gonzalez had not undertaken those fundamental steps for rehabilitation. So the district court followed the State's recommendation and ordered Gonzalez to serve the jail sentences. Gonzalez has appealed that ruling.

ANALYSIS

On appeal, Gonzalez contends the district court abused its discretion in revoking his probation rather than imposing another sanction short of revocation. Gonzalez has stated his position tersely and somewhat generically. He does not identify any legal error on the part of the district court or some misunderstanding of the relevant facts, considerably narrowing the grounds for finding an abuse of discretion.

A district court's decision to revoke probation entails two steps: (1) a factual determination, established by a preponderance of the evidence, that the probationer has

violated one or more conditions of probation; and (2) a discretionary determination as to the appropriate disposition in light of any proved violation. *State v. Skolaut*, 286 Kan. 219, Syl. ¶ 4, 182 P.3d 1231 (2008) (components of probation revocation); *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006) (preponderance of evidence standard governs proof of probation violation). Gonzalez' admission of the violations satisfied the first step and obviated the State's need to prove a probation violation. See 281 Kan. at 1170; *State v. Inkelaar*, 38 Kan. App. 2d 312, 315, 164 P.3d 844 (2007). We review a district court's decision on how to address an established violation for abuse of discretion. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). Judicial discretion has been abused if a decision is arbitrary, fanciful, or unreasonable or rests on a substantive error of law or a material mistake of fact. *State v. Meeks*, 307 Kan. 813, 816, 415 P.3d 400 (2018). Gonzalez carries the burden of showing that the district court abused its discretion. See *State v. Crosby*, 312 Kan. 630, 635, 479 P.3d 167 (2021).

Absent an identifiable legal error or factual mistake—and Gonzalez has pointed to neither on appeal—a district court abuses its broad judicial discretion only if its ruling is so far afield that we can say no other district court would have come to the same conclusion under comparable circumstances. This is not such a case.

Without belaboring the record, Gonzalez demonstrated chronic alcohol abuse as manifested in the repeated convictions for DUI—behavior that posed a serious risk of injury to death to himself and other motorists. Moreover, Gonzalez could not refrain from using alcohol after he had been sentenced in these cases, despite the threat of extended incarceration. As the district court stated, Gonzalez seemed to be unwilling or unable to take the first, foundational steps toward sobriety and rehabilitation even in the face of that threat. We conclude other district courts would have turned the threat into reality for Gonzalez or someone else in the same predicament. There was no abuse of discretion on that score.

4

Affirmed.